**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02207-LTB

**ANDREW LAUD BARNETT**,

    Plaintiff,

v.

**T.K. (I) COZZA-RHODES**, Warden, in his individual and official capacities; and
**(I) SILVA**, S.I.S. Correctional Officer, in his individual and official capacities,

    Defendants.

---

**ORDER DENYING MOTION**

---

This matter is before the Court on the Motion for Injunctive Relief (ECF No. 5) filed *pro se* by Plaintiff, Andrew Laud Barnett.  Mr. Barnett seeks preliminary injunctive relief against Defendants that would require them to:  1) transfer him to another facility which houses "informants/ gang dropouts;" 2) prohibit interaction between himself and Defendants; and 3) to change his housing designation from special housing unit (SHU) to protective custody (PC).

The Court must construe the motion liberally because Mr. Barnett is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Mr. Barnett is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Florence High Penitentiary in Florence, Colorado.  He has filed a Prisoner Complaint (ECF No. 1) claiming his rights were violated when Correctional Officer Silva called him a

snitch and a "drop-out" gang member.

A party seeking a preliminary injunction must show: 1) a substantial likelihood of prevailing on the merits; 2) he will suffer irreparable injury unless the injunction issues; 3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Barnett "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Barnett "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Here, Plaintiff has not demonstrated irreparable injury if he remains at the facility where he currently is housed. He is confined in the SHU, which is a strictly supervised area within the prison that does not permit any prisoner-to-prisoner contact. His vague and conclusory allegations that he feels threatened are not sufficient to justify preliminary injunctive relief. Moreover, Plaintiff is not entitled to be incarcerated within a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state or federal prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*,

418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).  Accordingly, it is

**ORDERED** that the Motion for Injunction Relief (ECF No. 5) is denied.

DATED at Denver, Colorado, this   19th   day of   October  , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court