IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02207-RM-CBS

ANDREW LAUD BARNETT,
    Plaintiff,
v.

THERESA COZZA-RHODES,
F. SILVA, and
FEDERAL BUREAU OF PRISONS,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This matter comes before the court on *pro se* Plaintiff Andrew Barnett's pending motions for injunctive relief. Plaintiff filed a Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. # 9) on October 21, 2015 which was referred to the Magistrate Judge pursuant to the memorandum (Doc. # 16) dated November 16, 2015. Plaintiff subsequently filed a Motion for Reconsideration (Doc. # 33) on January 6, 2016 regarding a previous Order (Doc. #8) denying injunctive relief. Pursuant to the memorandum (Doc. # 34) dated January 7, 2016, this motion was referred to the Magistrate Judge.  More recently, Plaintiff filed a Motion for an Emergency Injunction (Doc. # 45) and Motion for Preliminary Injunction (Doc. # 46) both dated January 15, 2016.  Pursuant to the memorandum (Doc. # 48) dated January 19, 2016, these motions were referred to the Magistrate Judge.

    This court has carefully considered the motions and related briefing, the entire case file, and applicable case law.  For the following reasons, I recommend that Plaintiff's motions be denied.

**I.      Statement of the Case**

Plaintiff Andrew Barnett, proceeding *pro se*, is a federal prisoner in the custody of the Bureau of Prisons ("BOP") at the Florence High Penitentiary in Florence, Colorado. Mr. Barnett has alleged that he is a former gang member facing assault and death threats arising from his former gang affiliation. (*See, e.g.*, Doc. # 9 at 2, 5; Doc. # 10 at 4; Doc. # 33 at 2). Due to these concerns and potential threats to his safety, Mr. Barnett was placed in the Special Housing Unit ("SHU") since his arrival at USP Florence on July 31, 2015 as opposed to general population housing. (*See* Doc. # 36, Ex. 1 "Declaration of Special Investigative Agent Debra Payne" at 3-4). Notwithstanding this designation, Plaintiff's Amended Complaint asserts the following Eighth Amendment deliberate indifference claims: (1) Defendants are acting with deliberate indifference to his safety by housing him in a prison setting that presents a substantial risk of serious harm to him, and (2) Defendants are denying him mental health care. (*See* Doc. # 10 at 4-5, 9). Mr. Barnett is seeking unspecified compensatory and punitive damages, as well as the injunctive relief currently before the court.

Plaintiff's pursuit of injunctive relief has been persistent. Mr. Barnett filed a Motion for Injunction (Doc. # 5) on October 15, 2015 seeking (1) transfer to a different institution, (2) a restraining order against Defendants, and (3) an order compelling Defendants to change Plaintiff's housing designation. (*See* Doc. # 5 at 2). Judge Babcock denied this motion on October 19, 2015, finding that Plaintiff had failed to demonstrate irreparable harm. (*See* Doc. # 8 at 3). Plaintiff's Motion for Reconsideration is in response to this Order and largely restates the substance of his original Motion.[1]

---

[1] The court has examined Mr. Barnett's Motion for Reconsideration and finds no proper grounds justifying reconsideration. *See Pizza Management, Inc. v. Pizza Hut, Inc.*, 1989 WL 89937, at *1 (D. Kan. July 19, 1989) (holding that motions for reconsideration are appropriate where the court has an opportunity "to correct manifest errors of law or fact and to review newly discovered evidence."); *cf. Mitchell v. Rocky Mountain Cancer Ctrs., LLP*, No. 07–cv–01479–BNB–MJW, 2009 WL 1765681, at *1 (D. Colo. June 22, 2009) ("Motions for reconsideration serve specific purposes and are not a mechanism merely to reargue, potentially interminably, matters previously presented and decided.")

Mr. Barnett's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. # 9) seeks (1) transfer to another facility and (2) enrollment in a residential mental health program. (*See* Doc # 9 at 7-8).  In their Response, Defendants contend that Mr. Barnett's safety concerns are being adequately addressed by the BOP and that he receives appropriate mental health care at USP Florence.  (*See* Doc. # 36 and exhibits thereto).  Mr. Barnett's Motion for Emergency Injunction solicits an order that would require the Defendants to transfer him to another facility. (*See* Doc. # 45 at 3).  Plaintiff's most recent Motion for Preliminary Injunction also seeks his transfer, and additionally an order (1) enjoining Defendants from allowing contact between Plaintiff and members of various gangs, and (2) enjoining Defendants from housing Plaintiff in a high-security facility. (*See* Doc. # 46 at 2).  Defendants filed a Consolidated Response in Opposition (Doc. # 56) on February 9, 2016 and incorporated by reference their prior response to Plaintiff's request for preliminary injunction. (*See* Doc. # 56 at 1).  Defendants oppose Mr. Barnett's motions arguing that he has failed to satisfy his heightened burden to demonstrate he will suffer irreparable harm. (*See* Doc. # 56 at 1).

## II.   Analysis

The Court must construe Mr. Barnett's motions liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d at 1110.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Valley Cmty. Pres. Comm'n v. Mineta*, 246 F. Supp. 2d 1163, 1165-66 (D.N.M. 2002), aff'd, 373 F.3d 1078 (10th Cir. 2004) (noting that the substantive requirements

for granting a temporary restraining order and preliminary injunction are identical). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)). A moving party must meet four prerequisites for preliminary injunctive relief: (1) demonstrate a substantial likelihood that he will eventually prevail on the merits; (2) show that he will suffer irreparable injury unless injunctive relief is provided; (3) offer proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) show that the injunction, if issued, would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). *See also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff who fails to satisfy each of these four factors has not sustained his or her burden under Rule 65. *Village of Logan v. U.S. Dep't of Interior*, 577 Fed. Appx. 760, 766 (10th Cir. 2014) (noting that a "preliminary injunction is 'never awarded as of right'").

The Tenth Circuit recognizes three types of disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions that require a party to take some affirmative act rather than refrain from some act; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). A disfavored injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Where the requested relief implicates one of the disfavored injunctions, the movant must make

"strong showings of the likelihood of success on the merits and the balance of the harms." *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). Mr. Barnett seeks a mandatory order requiring the BOP to effectuate his transfer to another facility. To the extent Mr. Barnett also seeks an order requiring Defendants to prevent all contact between himself and various gangs, this too is mandatory. [2] Therefore, the emergency and preliminary injunctions sought by Plaintiff "constitute[] a specifically disfavored injunction" that "must be more closely scrutinized." *Schrier,* 427 F.3d at 1259, 1261.

Mr. Barnett has not met his heightened burden of establishing all of the required factors for injunctive relief. To obtain relief under Rule 65, Plaintiff must show that he will suffer irreparable injury unless injunctive relief is provided. Because "a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," Mr. Barnett "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier*, 427 F.3d at 1267 (citation omitted). Even "serious or substantial harm is not irreparable harm." *Id.* "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Id.* "[S]omething merely feared as liable to occur at some indefinite time in the future" will not suffice for the issuance of a preliminary injunction. *Conn. v. Mass.*, 282 U.S. 660, 674 (1931).

---

[2] An injunction is considered mandatory in nature "if the requested relief 'affirmatively require[s] the nonmovant to act in a particular way, and as a result . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction.'"*Schrier,* 427 F.3d at 1261; *see also Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1243-45 (D. Colo. 2007).

Mr. Barnett has not demonstrated a heightened showing of irreparable injury. Since his arrival at USP Florence, he has been placed in the Special Housing Unit–a strictly supervised area that does not permit prisoner-to-prisoner contact–and Defendants have maintained that this precaution will remain in place while Mr. Barnett remains at USP Florence. While he argues that the "irreparable injury" factor has been established by virtue of "the nature of the threats on his life and because of 'who' is making the threats," his conclusory allegation of possible future harm is too speculative to grant injunctive relief. *See Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (agreeing that purely speculative harm does not amount to irreparable injury and holding that a plaintiff must show a "significant risk" of irreparable harm to demonstrate that the harm is not speculative). Mr. Barnett does not specifically identify individuals as the source of any of the threats nor does he indicate when or how these threats are made. Mr. Barnett's general assertions of future injury by the "thousands of inmates" affiliated with his former gang do not support the conclusion that an "actual and not theoretical" threat of irreparable injury is present. *Schrier*, 427 F.3d at 1267; *See Thomas v. Colo.*, 2014 WL 656838, at *5 (D. Colo. Feb. 20, 2014) (allegation that prison transfer posed substantial risk of injury because inmate "has a hit put out on him by all the gangs in the state of Colorado" was vague and conclusory and therefore did not demonstrate the existence of a credible threat) (internal quotation marks and citation omitted); *See also Barksdale v. Connaghan*, 2011 WL 3664382, at *9 (D. Colo. July 28, 2011) *report and recommendation adopted*, 2011 WL 3796902 (D. Colo. Aug. 18, 2011) (where prisoner's conclusory allegation referred to "attempts of violence on [Plaintiff's] life" and "attempts of serious bodily injury or death," it lacked specificity to demonstrate incarceration conditions posing a substantial risk of serious harm).

### III.     Conclusion

Accordingly, IT IS RECOMMENDED that Plaintiff Barnett's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. # 9), Motion for Reconsideration (Doc. # 33), Motion for an Emergency Injunction (Doc. # 45), and Motion for Preliminary Injunction (Doc. # 46) be denied.

**Advisement to the Parties**

Within **fourteen days** after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order,

cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 31st day of March, 2016.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge